IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KENNETH SASHINGTON | § | |
| | § | |
| V. | § | A-20-CV-755-RP |
| | § | |
| BOBBY LUMPKIN[1] | § | |

# ORDER

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has paid the full filing fee for this action. On July 17, 2020, the Court ordered Petitioner to show cause why his application should not be dismissed as time-barred. In response, Petitioner filed a "Motion of Equitable Tolling." For the reasons set forth below, the undersigned dismisses as time-barred Petitioner's application for writ of habeas corpus and denies his Motion of Equitable Tolling.

## STATEMENT OF THE CASE

**A.    Petitioner's Criminal History**

Petitioner challenges his conviction in cause number D-1-DC-09-301198 out of Travis County, Texas. Petitioner was convicted of three counts of aggravated sexual assault of a child, two counts of sexual assault of a child, one count of indecency with a child by contact and one count of indecency with a child by exposure. On April 27, 2011, Petitioner was sentenced to 99 years for aggravated sexual assault, 20 years for sexual assault, 20 years for indecency with a child by contact

---

[1] The previous named respondent in this action was Lorie Davis. Bobby Lumpkin succeeded Davis as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d) of the Federal Rules of Civil Procedure, Lumpkin is automatically substituted as a party.

and 10 years for indecency with a child by exposure. The court ordered Petitioner's sentences to run concurrently.

The Third Court of Appeals affirmed Petitioner's conviction on March 14, 2014. *Sashington v. State*, No. 03-11-00413-CR, 2014 WL 1018005 (Tex. App. – Austin 2014, pet. ref'd). On July 23, 2014, the Court of Criminal Appeals refused Petitioner's petition for discretionary review. *Sashington v. State*, No. PD-0524-14 (Tex. Crim. App.).

Petitioner also challenged his conviction in a state application for habeas corpus relief. Counsel filed Petitioner's state application on August 19, 2019. The Court of Criminal Appeals denied it without written order on the findings of the trial court without a hearing on April 15, 2020. *Ex parte Sashington*, No. 90,948-01.

**B.     Grounds for Relief**

Petitioner raises the following grounds for relief:

1. He was denied effective assistance of counsel at the guilt/innocence phase of trial;

2. He was denied effective assistance of counsel at the punishment phase of trial; and

3. He was denied counsel during the 30 days after sentencing and his appellate counsel failed to raise the issue of trial counsel's failure to properly request the State to make an election or request a limiting instruction on extraneous incidents.

## DISCUSSION AND ANALYSIS

**A.     Application for Habeas Corpus Relief**

Petitioner's application is barred by the applicable statute of limitations. Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). That section provides, in relevant part:

>(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final, at the latest, on October 21, 2014, at the conclusion of time during which he could have filed a petition for writ of certiorari with the United States Supreme Court. *See* Sup. Ct. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Therefore, Petitioner had until October 21, 2015, to timely file his federal application. Petitioner did not execute his federal application until July 13, 2020, nearly five years after the limitations period expired.

Petitioner's state application did not operate to toll the limitations period, because it was filed long after the limitations period had expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).

3

Petitioner admits he is not claiming actual innocence. Instead, he requests that the limitations period be equitably tolled due to the delays caused by state habeas counsel. Petitioner states he retained counsel in 2012 to file a petition for writ of habeas corpus. Petitioner asserts the filing of the petition was delayed by "several interruptions beyond [his] control as an inmate." Petitioner indicates, at times, counsel refused to provide her services because of non-payment. Petitioner further indicates counsel had to consult with other attorneys because she lacked experience with state habeas corpus practice. In his Motion of Equitable Tolling, Petitioner indicates he paid counsel in 2014 and again in 2018 after he received a letter from counsel stating she would not do additional work without pay.

After consideration of his Application for Habeas Corpus Relief and Motion of Equitable Tolling, the Court finds that Petitioner alleges no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). Mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008). Only "abandonment" by counsel, not mere "attorney negligence" or "attorney error," can support equitable tolling. *Maples v. Thomas*, 565 U.S. 266, 282 (2012); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) (attorney error insufficient to support equitable tolling). This is not a case where state habeas counsel abandoned the petitioner. Rather, state habeas counsel filed a lengthy state application for habeas corpus relief after receiving payment for her services. Unfortunately, it was filed after the limitations period expired for filing federal habeas corpus applications.

## **CONCLUSION**

Petitioner has alleged no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. In addition, the record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

It is therefore **ORDERED** that Petitioner's application for writ of habeas corpus is **DISMISSED WITH PREJUDICE** as time-barred.

It is therefore **ORDERED** that Petitioner's Motion fo Equitable Tolling is **DENIED**.

It is finally **ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** on August 24, 2020.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE